1
2
3
4
5
6
7
8                      UNITED STATES DISTRICT COURT
9                    SOUTHERN DISTRICT OF CALIFORNIA
10

11   JANET A. ,                          Case No.:  21-cv-00227-DEB
12                          Plaintiff,
                                         **ORDER DENYING APPLICATION**
13   v.                                  **TO PROCEED IN FORMA**
                                         **PAUPERIS**
14   ANDREW M. SAUL, Commissioner of
     Social Security,                    **[DKT. NO. 2]**
15
16                         Defendant.
17

18          Before the Court is Plaintiff Janet A.'s Application to Proceed *in forma pauperis*.
19   Dkt. No. 2. For the reasons set forth below, the Court **DENIES** the Application.

20          All parties instituting a civil action, suit, or proceeding in a district court of the
21   United States, except an application for writ of habeas corpus, must pay a $400 filing fee.
22   *See* 28 U.S.C. § 1914(a). The Court may authorize the commencement of a suit without
23   prepayment of fees if the plaintiff submits an affidavit, including a statement of assets,
24   showing he or she is unable to pay the filing fee. *See* 28 U.S.C. § 1915(a). The affidavit
25   must "state the facts as to [the] affiant's poverty with some particularity, definiteness and
26   certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (internal
27   quotations omitted).  A party need not be completely destitute to proceed in forma pauperis.
28   *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339–40 (1948).  An affidavit is

                                          1

sufficient if it shows the applicant cannot pay the fee "and still be able to provide himself [or herself] and dependents with the necessities of life." *Id.* (internal quotations omitted).

Here, Plaintiff's Application states that she and her spouse receive a combined monthly income of $4,325 from real property, gifts, retirement, and self-employment. Dkt. No. 2 at 1–2. Plaintiff reports that she is unemployed. *Id.* at 2. Plaintiff claims her and her spouse's monthly expenses exceed their income by $2,250. Dkt. No. 2 at 5 (stating combined monthly expenses are $6,575 including rent or home-mortgage payment, health insurance, utilities, food, recreation, credit card payments, and $3,500 in "Business payroll").[1] However, Plaintiff lists significant assets, with a combined value of $857,500. She also reports a checking/savings account with a balance of $10,000 and a business checking account with an additional balance of $10,000. *Id.* at 2. Plaintiff also states she and her husband have $800 in cash at hand. *Id.*

Based on the foregoing, the Court **DENIES** Plaintiff's Application to proceed *in forma pauperis*. *See Boudreaux v. Saul*, No. 20-cv-274-BGS, 2020 U.S. Dist. LEXIS 64283, at *2 (S.D. Cal. Apr. 10, 2020) ("Although the application reflects Plaintiff is spending more that he is receiving in income monthly, the Court would be hard pressed to find someone receiving more than $5,000 a month in income should be allowed to proceed at public expense.").

/ /

/ /

/ /

/ /

/ /

---

[1]     Plaintiff's Application appears to be incomplete. On the Application, Plaintiff listed $1,235 as her spouse's "Regular expenses for operation of business, profession, or farm." Dkt. No. 2 at 5. Although the form directs Plaintiff to "attach detailed statement," Plaintiff provided no additional information on this answer. *Id.*

1    Plaintiff must pay the requisite filing fee on or before **April 7, 2021**, or her case may

2  be dismissed.

3    **IT IS SO ORDERED.**

4  Dated:  February 18, 2021

5    _____

6    Honorable Daniel E. Butcher
   United States Magistrate Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

21-cv-00227-DEB